UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEAN MURRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-925-J |
| | ) |
| JEREMY DARWENT, in his individual | ) |
| capacity, and MARY WILLIAMS, in her | ) |
| individual capacity, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendants' Motion to Dismiss [Doc. No. 7]. Plaintiff has filed a response[1], and Defendants have filed a reply[2].

**I.   Background[3]**

On February 20, 2023, Plaintiff was driving his car in Moore, Oklahoma. Plaintiff's car had a malfunctioning brake light, and Defendant Jeremy Darwent, a Moore Police Officer, initiated a traffic stop of Plaintiff's car. Plaintiff pulled over and stopped in a parking lot. During the stop, Defendant Darwent called dispatch and requested another unit because he suspected Plaintiff was under the influence of drugs. Defendant Mary Williams, a Moore Police Officer, responded, arrived on the scene, and observed what transpired during the stop of Plaintiff.

---

[1] Plaintiff provides body and dash cam videos in support of his response to Defendants' Motion to Dismiss. The Court declines to convert this motion to dismiss to a motion for summary judgment and has not reviewed the videos for purposes of ruling on this motion.

[2] On December 8, 2023, Plaintiff filed a surreply [Doc. No. 12]. Plaintiff, however, did not obtain leave of Court prior to filing his surreply. The Court, accordingly, strikes Plaintiff's surreply.

[3] The information contained in this Background section is based on the allegations set forth in Plaintiff's Complaint [Doc. No. 1].

During the stop, Defendant Darwent asked Plaintiff several questions regarding whether he had ingested or used illegal drugs or had been drinking. Plaintiff denied that he had used or ingested drugs or alcohol or that he was under the influence. Defendant Darwent asked Plaintiff to perform a field sobriety test, which Plaintiff consented to do. After the test was concluded, Defendant Darwent arrested Plaintiff for driving a motor vehicle while under the influence of drugs. During the arrest, Plaintiff agreed to submit to a blood test; a blood draw was obtained from Plaintiff and submitted to a laboratory.

Plaintiff was booked into the Cleveland County Detention Center where he spent approximately three days before he was able to post bond. On August 25, 2023, the State of Oklahoma dismissed the charge against Plaintiff because no drugs or alcohol were detected in his blood sample. On October 13, 2023, Plaintiff filed this 42 U.S.C. § 1983 case for false arrest and unlawful incarceration against Defendants. Defendants now move the Court to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II.**   **Standard of Review**

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

### III.   Analysis

Defendants assert Plaintiff has failed to state a § 1983 claim for false arrest and assert they are entitled to qualified immunity.[4] "District courts may grant a motion to dismiss based on qualified immunity, but [a]sserting a qualified immunity defense via a Rule 12(b)(6) motion … subjects the defendant to a more challenging standard of review than would apply on summary judgment. Specifically, the court analyzes the defendant's conduct as *alleged in the complaint*." *Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021) (internal quotations and citations omitted) (emphasis in original).

> A § 1983 defendant's assertion of qualified immunity is an affirmative defense [that] creates a presumption that the defendant is immune from suit. To overcome this presumption, the plaintiff must show (1) the defendant's actions violated a constitutional or statutory right , and (2) that right was clearly established at the time of the defendant's complained-of conduct. A right is clearly established when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains. Thus, the contours of the right must be sufficiently clear [so] that a reasonable official would understand that what he is doing violates

---

[4] Because the qualified immunity analysis includes a determination as to whether Defendants' actions violated a constitutional right, Defendants' alternative assertion that Plaintiff has failed to state a § 1983 claim is necessarily included within the Court's qualified immunity analysis and determination.

> that right. But [the] analysis is not a scavenger hunt for prior cases with precisely the same facts, and a prior case need not be exactly parallel to the conduct here for the officials to have been on notice of clearly established law.

*Id.*

Having reviewed the Complaint, and presuming all of Plaintiff's factual allegations are true and construing them in the light most favorable to Plaintiff, the Court concludes that Plaintiff has set forth sufficient factual allegations to state a § 1983 claim and to overcome Defendants' claims of qualified immunity. Specifically, Plaintiff has alleged sufficient facts to show that Defendants did not arguably have probable cause to arrest him. Throughout his Complaint, Plaintiff sets forth numerous facts contradicting the statements made by Defendant Darwent in his affidavit in support of Plaintiff's arrest. Additionally, the Court finds that at the time of Plaintiff's arrest, the constitutional probable cause requirement for an arrest was clearly established. Accordingly, the Court finds Plaintiff's claims should not be dismissed.

## IV.     Conclusion

For the reasons set forth above, the Court DENIES Defendants' Motion to Dismiss [Doc. No. 7].

IT IS SO ORDERED this 15th day of December, 2023.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE